UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL LEO, <br><br>        Plaintiff, <br><br>   -against- <br><br> SIEMENS MEDICAL SOLUTIONS USA, INC., et al., <br><br>        Defendants. | 25-CV-415 (JGLC) <br><br> **OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiff Samuel Leo brings this action against his former employer for, among other things, religious discrimination through a failure to accommodate. Plaintiff moves for leave to file the Second Amended Complaint. For the following reasons, the motion is GRANTED.

## BACKGROUND

  Plaintiff Samuel Leo was a field service engineer employed by Defendant Siemens Medical Solutions USA, Inc. ("SMS") from November 2007 to September 2024. ECF No. 1-1 ("First Amended Complaint" or "FAC") ¶ 5; ECF No. 19-1 ("Proposed Second Amended Complaint" or "PSAC") ¶ 13.

  In October 2024, Plaintiff filed his original complaint in New York state court, asserting a host of claims against Defendants Siemens Healthineers, Siemens Healthcare Diagnostics, and Siemens AG International, and the International Brotherhood of Electrical Workers Local Union 222. *See* ECF No. 1-3 ("Compl."). Plaintiff amended the complaint in state court in December 2024, which added the improperly named Siemens Medical Solutions, Inc. as a defendant. That First Amended Complaint is the operative complaint. ECF No. 1-1 ("FAC"). These complaints allege, among other things, that Defendants engaged in the "implementation [of an] arbitrary and

capricious religious exemption mandate [for COVID vaccination requirements] . . . that has, *inter alia*, resulted in damages and loss to Plaintiff." Compl. ¶ 2; FAC ¶ 2.

On January 15, 2025, Defendants removed this action to federal court and subsequently moved to dismiss the First Amended Complaint. ECF Nos. 1, 4, 13. On February 28, 2025, new counsel appeared on behalf of Plaintiff. ECF No. 16. Several days later, counsel moved for an extension of time to file a Rule 15 motion for leave to file an amended complaint, which the Court granted. ECF Nos. 17, 18. Plaintiff moved for leave to file the Second Amended Complaint on March 17, 2025. ECF No. 19.

The Proposed Second Amended Complaint brings one claim against one defendant—SMS, under its amended proper name—for religious discrimination under the New York State Human Rights Law ("NYSHRL"), for which the basis of the Court's jurisdiction is diversity jurisdiction. PSAC ¶ 5, 6, 9, 57–67. The PSAC alleges the following facts.

Plaintiff was employed by SMS as a field service engineer to manage medical equipment. PSAC ¶ 14. In August 2021, SMS instituted a mandatory COVID-19 vaccination policy that applied to Plaintiff, requiring employees to be fully vaccinated by October 15, 2021, or else be subject to disciplinary action including termination. *Id.* ¶¶ 16, 18, 19. This policy allowed for exemptions to the vaccination requirement based on a qualifying medical condition or a sincerely-held religious belief. *Id.* ¶ 20. Plaintiff informed SMS that he held a bona fide religious belief that conflicted with the policy and submitted his request for a religious exemption. *Id.* ¶¶ 22–24.

The October 15, 2021, vaccination deadline passed without SMS responding to Plaintiff's exemption request. Plaintiff continued performing his regular job duties, but was barred from certain employment activities, such as taking training classes. *Id.* ¶ 33. Plaintiff became

"increasingly anxious and panicky that he was going to lose his job," and eventually went on short-term disability leave in January 2022. *Id.* ¶¶ 34, 35. On February 2, 2022, Plaintiff's request for his religious exemption was denied. *Id.* ¶¶ 36–39. Two weeks later Plaintiff submitted a request for a medical exemption to the vaccination requirement. *Id.* ¶¶ 43–46. On March 30, 2022, SMS approved Plaintiff's request for a medical exemption. Plaintiff resumed his regular employment until his resignation around September 2024. *Id.* ¶¶ 50–53.

Defendant SMS opposes Plaintiff's motion for leave to file the PSAC as untimely and futile. ECF No. 22 ("Opp.").

## LEGAL STANDARD[1]

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court "should freely give leave [to amend] when justice so requires." The Second Circuit interprets Rule 15 liberally "consistent with [its] strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). But "[l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

"constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

## DISCUSSION

Defendant contends that the proposed amendments are untimely, but Rule 15(a)(2) obliges a court to freely give leave to amend unless there is good reason to deny, such as futility. *TechnoMarine SA*, 758 F.3d at 505. Defendant raises four arguments that the proposed amendments are futile, which the Court addresses in sequence: (1) that the NYSHRL claim is preempted by the Labor Management Relations Act ("LMRA") and therefore falls outside the statute of limitations; (2) that the NYSHRL claim, even if not preempted, falls outside the statute of limitations; (3) that New York law expressly prohibited the accommodation Plaintiff sought; and (4) that Plaintiff has failed to allege an adverse act. As explained below, none of these arguments have merit.

I.      **The NYSHRL Discrimination Claim Is Not Preempted by the LMRA**

Defendant argues that Plaintiff's suit is subject to the expired six-month statute of limitations of the LMRA because the LMRA preempts the NYSHRL claim. Opp. at 5–8. Section 301 of the LMRA preempts state-law claims "if the resolution of [the] state-law claim depends upon the meaning of a collective-bargaining agreement." *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988). "It is clear, however, that the claim of *discrimination* does not necessarily require interpretation of a collective-bargaining agreement." *Langford v. Int'l Union of Operating Eng'rs, Loc.* 30, 765 F. Supp. 2d 486, 506 (S.D.N.Y. 2011). If a plaintiff can prove he suffered discrimination because of a protected characteristic without any need for interpretation of the contract, then the LMRA does not preempt the claim. *Bryant v. Verizon Commc'ns,* 550 F. Supp. 2d 513, 529 (S.D.N.Y. 2008). "This right to be free from such discrimination arises from state law, not from [a] CBA, and it is a non-negotiable right." *Id.*

Here, the PSAC makes no reference to the collective-bargaining agreement ("CBA"). Neither do Defendants explain how any affirmative defenses might turn on an interpretation of the CBA. Section 301 does not preempt the NYSHRL in this case.

II.     **The NYSHRL Amendment Relates Back to the Original Complaint**

The NYSHRL has a three-year statute of limitations, *Kassner v. 2d Ave. Delicatessen Inc.,* 496 F.3d 229, 238 (2d Cir. 2007), which expired prior to the motion for leave to file the PSAC. For the PSAC to be timely, the NYSHRL claim must relate back to the filing of the original complaint. Under Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "[T]he central inquiry is whether adequate notice of the

matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006).

That is clearly the case here. The factual basis of the NYSHRL claim is identical to that of the original claims. The original complaint was predicated on the allegation that Defendants engaged in the "implementation [of an] arbitrary and capricious religious exemption mandate [for COVID vaccination requirements] . . . that has, *inter alia*, resulted in damages and loss to Plaintiff." Compl. ¶ 2. Moreover, although the original complaint does not state an NYSHRL violation as a count, the complaint explicitly alleges a violation of Plaintiff's "religious freedoms enshrined in the New York State Human Rights law." *Id.* ¶ 6. That is more than sufficient to pass the "central inquiry" of whether Defendants had adequate notice of the PSAC's NYSHRL claim. *Slayton*, 460 F.3d at 228. Plaintiff's NYSHRL claim is timely.

**III.    The Court Cannot Conclude that New York State Regulation Bars Plaintiff's Claim**

Defendants contend that the New York State Department of Health emergency regulation § 2.61 (which has since been repealed) bars Plaintiff's claim, because the regulation prohibited religious exemptions. Opp. at 9–11. But there is, at a minimum, a factual dispute as to whether Plaintiff's employment was covered by Section 2.61. The regulation required "[c]overed entities" to "continuously require personnel to be fully vaccinated against COVID-19" unless a medical exemption applied. N.Y. COMP. CODES R. & REGS. tit. 10, § 2.61(c)–(d) (2021). The regulation defined a covered entity as "any facility or institution included in the definition of 'hospital[]' . . . including but not limited to general hospitals, nursing homes, and diagnostic and treatment centers" *Id.* § 2.61(a)(1)(i). Additionally, personnel covered by Section 2.61 included:

> all persons employed or affiliated with a covered entity, whether paid or unpaid, including but not limited to employees, members of the medical and nursing staff,

contract staff, students, and volunteers, who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease.

*Id.* § 2.61(a)(2).

The Complaint describes SMS as a company that specializes in providing medical technology, not medical care. It does not appear to be a covered entity. However, the parties appear to dispute whether Plaintiff was "contract staff . . . [that] could potentially expose other covered personnel, patients or residents to the disease." *Id.* This factual dispute is not one that the Court can resolve on Plaintiff's motion to amend. As such, this argument is not a basis to deny Plaintiff's motion.

### IV. Plaintiff Has Stated an Adverse Employment Action

To state a prima facie case of religious discrimination under the NYSHRL, a plaintiff must show, among other elements, that he suffered an adverse employment action. *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). Defendants argue that the PSAC is futile because there was no adverse action arising out of Plaintiff's denied religious exemption request, given that Plaintiff was granted a medical accommodation. Opp. at 11–12.

An adverse employment action must cause an employee to suffer "some harm respecting an identifiable term or condition of employment." *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024); *see also Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 n.7 (2d Cir. 2019) (noting that Second Circuit typically treats Title VII and NYHRL claims as "analytically identical, applying the same standard of proof to both claims"). Such a harm need not be significant, or "serious, or substantial, or any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar." *Muldrow*, 601 U.S. at 355. The minimum requirement is that there must be "some disadvantageous change in employment term or condition." *Id.* at 354.

The PSAC meets that bar. The PSAC alleges that as a result of SMS's approach to Plaintiff's request for religious accommodation, he was barred from certain employment activities for a period of months, such as taking training classes. *Id.* ¶ 33. The PSAC also alleges that SMS's failure to approve the request caused Plaintiff to take short term disability leave, depriving him of his regular employment. *Id.* ¶¶ 34–36. Moreover, the PSAC alleges that Defendant's failure to approve his request deprived Plaintiff of income and resulted in compensable damages exceeding $75,000. *Id.* ¶¶ 55, 56.

* * *

In sum, the PSAC does not raise a futile claim. Defendant raises no other reason to deny the request for leave to amend. The Court finds no bad faith, undue delay, or undue prejudice. To the contrary, Plaintiff's new counsel acted promptly in filing the motion for leave to amend once he made an appearance, and the PSAC simplifies the lawsuit with a single claim against an already-named Defendant who had notice of this alleged discrimination through the original complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff is GRANTED leave to file the Second Amended Complaint. Plaintiff shall do so by **June 12, 2025.** The motions to dismiss the First Amended Complaint are DENIED as moot.

Counsel for all parties shall appear for an initial pretrial conference with the Court on **June 30, 2025** at 10:00 a.m. The conference will be held remotely by Microsoft Teams. Counsel will receive Microsoft Teams log-in credentials at the email addresses listed on the docket. The public listen-only line may be accessed by dialing: 646-453-4442 | Access Code: 885398540#.

Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with Paragraph 3(c) of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter, as described in the Order at ECF No. 7, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **June 23, 2025**.

The Clerk of Court is directed to terminate ECF Nos. 4, 13, and 19. The Clerk of Court is also directed to terminate all current Defendants and to add as Defendant Siemens Medical Solutions USA, Inc.

Dated: June 5, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge